# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## CLARKSBURG

**THOMAS J. MacWILLIAMS**

    Petitioner,

**v.**                                      **Civil Action No. 1:12-CV-140**
                                           **Criminal Action No. 1:06-CR-59**
                                           **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge John S. Kaull [Crim. Doc. 167; Civ. Doc. 7]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Kaull filed his R&R on December 28, 2012 [Crim. Doc. 167; Civ. Doc. 7]. In that filing, the magistrate judge recommended that this Court deny and dismiss with prejudice the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Crim. Docs. 159, 165; Civ. Docs. 1, 6].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).  In addition, failure to timely file objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  Service was accepted on January 2, 2013 [Crim. Doc. 168; Civ. Doc. 8], and petitioner timely filed his objections on January 10, 2013 [Crim. Doc. 169; Civ. Doc. 9].  Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* review.  The remaining portions of the R&R will be reviewed for clear error.

## II. Factual and Procedural History

### A. Conviction and Sentence

On July 11, 2006, petitioner and one other individual were named by a federal grand jury in three counts each of a three-count Indictment [Crim. Doc. 1].  On September 29, 2006, petitioner signed a plea agreement in which he pled guilty to Count 3 of the Indictment [Crim. Doc. 59].  In the plea agreement, the parties stipulated and agreed that petitioner's total relevant conduct was at least 40 but less than 60 kilograms of marijuana, and that petitioner was a career offender pursuant to § 4B1.1(a) of the Guidelines [*Id.* at 3]. Petitioner also agreed to a limited waiver of his appellate rights but did not waive the right to collaterally attack his sentence [*Id.* at 4].  On the same day, petitioner entered his guilty plea in a plea hearing in open court [*Id.*].

On February 14, 2007, a sentencing hearing was held. Petitioner advised the Court that he and defense counsel had gone over the PSR in preparation for the issues to be addressed that day [Crim. Doc. 89 at 3]. The Court found that petitioner had a base offense level of 20, but a Chapter 4 enhancement based on two prior felonies–an involuntary manslaughter and a felony controlled-substance offense–raised his Guideline level from 20 to 32, a twelve-level increase. However, he then received a two-level reduction for acceptance of responsibility, and a further third level reduction was granted on the Government's motion, for a total offense level of 29. His criminal history category, which would have been IV, became a VI after the career offender calculation; that, along with the total offense level of 29, gave an applicable sentencing range of 151 to 188 months imprisonment [*Id.* at 4-6]. Neither party objected to the Court's tentative findings [*Id.* at 6].

Defense counsel then addressed his objection to the PSR, conceding that although petitioner met the definition of a career offender, mitigating circumstances should be considered, expanding on arguments in support of his motion for a variant sentence previously briefed in his Memorandum in Aid of Sentencing [Crim. Doc. 77]. He described petitioner's prior involuntary manslaughter conviction as a "freak tragic accident" occurring 18-19 years earlier, that, albeit a crime of violence, had no element of intent. Counsel also assured the Court that at the time petitioner committed the present crimes he was unaware that those crimes could potentially earn him career offender status, and he would not have committed them had he realized. Further, counsel argued, petitioner's present crime involved no firearms or violence, and finally, that petitioner would still be facing an unserved Ohio sentence for complicity in marijuana trafficking when he finished serving the present

3

federal sentence [Crim. Doc. 89 at 7-9].

The Government then argued for a 169-month sentence in the middle of the applicable range, pointing out that, because Counts 1 and 2 had been dismissed, petitioner had been spared a career offender status calculation starting at level 34 instead of 31. The Government averred that a variant sentence was not warranted under any circumstance as all the cases cited in support of petitioner's motion for a variance were factually very different from petitioner's; petitioner was not a young person who had led a previously law-abiding life and then made a mistake; his crimes were involuntary manslaughter, and then, years later, a 900-pound marijuana manufacturing conviction; in no way was he a "small-time drug dealer[ ]." In support of its position, the Government recounted petitioner's significant involvement in the Ohio marijuana trafficking; his failure to report to serve that sentence; his move to this jurisdiction as a fugitive living under an alias; the large number of marijuana plants involved in the present crime as proof that he "never left the drug activity . . . exactly the type of person for whom Congress intended the career offender designation . . . a recidivist[ ]" [*Id.* at 10-12].

Defense counsel then countered, pointing out that other district courts give variant sentences below career offender guidelines; cases do not need to be factually identical to warrant variance; and finally that the prior voluntary manslaughter conviction was 18 years old, not intentional, and, had it occurred in West Virginia, would only have been a misdemeanor with a one-year sentence [*Id.* at 12-13].

The Court acknowledged both parties' compelling arguments, but denied petitioner's motion for a variance and sentenced him as a career offender, albeit at the lowest end of

4

the guideline range, noting the "huge bump because of this career offender status . . . and [taking] into account . . . your acceptance of responsibility and truthfulness of your disclosures to the Government as well as the fact that you're a career offender" [*Id.* at 13-15]. Petitioner was sentenced to one hundred and fifty-one (151) months imprisonment with credit for time served since May 7, 2006, to be followed by three (3) years of supervised release, beginning after his release from the unknown term of imprisonment still pending for charges in the State of Ohio, and payment of the mandatory special assessment of one hundred dollars [*Id.* at 15-17]. The Government objected, reiterating its request for a 169-month sentence; petitioner did not object [*Id.* at 16-17].

### B. Direct Appeal

On February 22, 2007, petitioner filed a Notice of Appeal in this Court [Crim. Doc. 85]. On July 7, 2007, petitioner's counsel filed a brief in accordance with **Anders v. California**, 386 U.S. 738 (1967), in the Fourth Circuit Court of Appeals, raising one issue but stating that is was his opinion that there were no meritorious issues for review. Petitioner then filed his own *pro se* brief, claiming that his guilty plea was coerced and that his 151-month sentence was improperly calculated, as was the application of the career offender guideline. On November 20, 2007, the Fourth Circuit dismissed his appeal in an unpublished opinion, finding that both his plea and his waiver of the right to appeal any sentence based on an adjusted level below 33 were knowing and voluntary. Mandate on the decision was issued on January 10, 2008 [Crim. Doc. 112].

### C. Petitioner's First Federal Habeas Corpus

On June 23, 2008, petitioner filed a motion to vacate his sentence under 28 U.S.C.

§ 2255 [Crim. Doc. 120]. In that motion, the petitioner set forth the following grounds for relief:

(1) Ineffective assistance of counsel because

(A) Trial counsel had a conflict of interest with petitioner because he

(i) failed to raise issues petitioner wanted raised and failed to pursue the course of action that petitioner requested;

(ii) failed to subject the prosecution's case to a meaningful adversarial testing process;

(iii) refused to conduct a defense on his behalf, amounting to abandonment;

(B) Counsel waived petitioner's rights without his consent;

(C) Counsel persuaded petitioner to plead guilty through coercion and threats;

(D) Counsel failed to advocate for a reasonable sentence in view of the imposition of the career offender provision; and

(2) The Court improperly imposed an unlawful sentence because

(A) drug quantity was not established, thus an essential element of the offense was not proven;

(B) petitioner's criminal history was not within the scope of purpose for career-offender category;

(C) the Court improperly relied upon inaccurate facts to impose sentence.

After the issues had been fully briefed, Magistrate Judge Kaull issued an R&R recommending that petitioner's § 2255 motion be dismissed on the merits [Crim. Doc. 131]. After a thorough review of petitioner's claims, the R&R was adopted by the district judge on July 14, 2010, and petitioner's § 2255 motion was denied on the merits [Crim. Doc. 140]. Petitioner's appeal of that decision was dismissed by the Fourth Circuit Court of Appeals

on December 20, 2011 [Crim. Doc. 154].

## D. Pending Motion

On September 7, 2012, petitioner filed the pending Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Crim. Doc. 159; Civ. Doc. 1]. On that same day, the Court entered a Notice of Deficient Pleading [Crim. Doc. 162; Civ. Doc. 3.], and on September 20, 2012, the petitioner filed a Court-Approved Form re Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Crim. Doc. 165; Civ. Doc. 6]. The magistrate judge entered his R&R [Crim. Doc. 167; Civ. Doc. 7] on December 28, 2012. The petitioner timely filed his objections to the R&R on January 10, 2013 [Crim. Doc. 169; Civ. Doc. 9], and the Government filed its response to the R&R on February 14, 2013 [Crim. Doc. 171; Civ. Doc. 10]. The Court transferred the above-styled action to the docket of the undersigned on May 6, 2013 [Crim. Doc. 172; Civ. Doc. 11].

## III. Applicable Law

Regarding a second or successive federal habeas corpus, 28 U.S.C. § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. *Harvey v. Horan*, 278 F.3d 370 (4th Cir. 2002). A prisoner seeking to file a successive application for habeas corpus relief in a district court must first

obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims. *Winestock*, 340 F.3d at 205.

### IV. Petitioner's Objection

The petitioner begins by asserting that, based on the equitable exception recognized by the Supreme Court in a series of cases, the district court has jurisdiction to rule on the merits of his "§ 2255 actual and factual innocence motion, as long as the innocence is shown by clear and convincing evidence" [Crim. Doc. 169; Civ. Doc. 9]. The petitioner then continues by reiterating substantially the same claims made in his previous § 2255 Motion and appeals, including that the sentencing guideline was improperly calculated using erroneous information [*Id.*]. He uses these familiar arguments as "clear and convincing evidence" of his innocence. However, despite the petitioner's efforts, the district court does not have the authority to hear the petitioner's petition. Petitioner's first § 2255 motion was clearly dismissed on the merits. The magistrate judge was correct to find that the current § 2255 motion is a second or successive motion and that the petitioner did not obtain the authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion in this Court that is required by *Winestock* [Crim. Doc. 167; Civ. Doc. 7 at 7]. In fact, on July 10, 2012, the Court of Appeals denied the petitioner's motion under 28 U.S.C. § 2244 for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255. In addition, on July 23, 2012, the Court of Appeals denied reconsideration or rehearing of the denial of authorization. It is clear from a reading of the

petitioner's Motion filed with the Court of Appeals that he was seeking the right to raise the issues presented in the pending § 2255 Motion. Thus, being without authorization, this Court is unable to hear petitioner's repetitive claims, which are presented in the pending Motion. ***Winestock***, 340 F.3d at 205. Therefore, pursuant to 28 U.S.C. §§ 2244, 2255 and ***Winestock***, this Court is without authority to hear the petitioner's pending § 2255 Motion. Additionally, even if this Court did have the authority to hear the Motion, petitioner has in no way demonstrated how he may be entitled to relief pursuant to the Supreme Court's equitable exception that he cites. He has not shown any "cause that excuses his procedural default" and any prejudice that resulted from the alleged error, nor has he shown that a "miscarriage of justice" would result from the Court's refusal to entertain the Motion. ***Dretke v. Haley***, 541 U.S. 386, 393 (2004). Accordingly, the petitioner's Objection on this issue is **OVERRULED**.

### V. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Crim. Doc. 167; Civ. Doc. 7]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, the plaintiff's Objections **[Crim. Doc. 169; Civ. Doc. 9]** are **OVERRULED**. Accordingly, the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 **[Crim. Docs. 159, 165; Civ. Docs. 1, 6]** is **DENIED** and **DISMISSED WITH PREJUDICE**. Therefore, this case is hereby **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he had failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: June 3, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE